USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/29/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
Take Big Steps LLC,                                       :   Civil Action No. 1:23-cv-03364
                                                          :   (LAK)(SDA)
    -vs-                                                  :
                                                          :   Consolidated with Civil Action No. 1:23-
It's All Happening, LLC dba New Law Business             :   cv-04620 (LAK)(SDA)
Model,                                                    :
                                                          :
    -vs-                                                  :
                                                          :
Laura E. Cowan, Esq. dba Law Office of Laura E.          :
Cowan, PLLC and Take Big Steps LLC fka Laura             :
Cowan International LLC.                                  :
------------------------------------------------------------ :
                                                          x

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

    This Agreed Confidentiality and Protective Order is made and entered into by and between It's All Happening LLC dba New Law Business Model ("NLBM"), on the one hand, and Laura E. Cowan, Esq. ("Cowan") and Take Big Steps LLC ("TBS"), and has been entered by the Court pursuant to Federal Rule of Civil Procedure 26(c).  NLBM, Cowan and TBS are sometimes referred to individually herein as a "Party" and are sometimes referred to collectively herein as "Parties."

**I.    PROCEEDINGS AND INFORMATION GOVERNED**

    1.    This Agreed Confidentiality and Protective Order and any amendments or modifications hereto (the "Protective Order") shall govern any document, information, or other thing furnished by any Party, to any other Party, and includes non-parties who receive a subpoena in connection with this action.  The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admissions, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things

produced, given, or filed in this action that are designated by a Party as "Confidential Information" or "Confidential Attorney Eyes Only Information" (collectively, the "Protected Information") in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such Protected Information.

## II.  DESIGNATION AND MAINTENANCE OF INFORMATION

2. For purposes of this Protective Order:

(a) The "Confidential Information" designation shall mean that the document is comprised of trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(1)(G), or other information required by law or agreement to be kept confidential.

(b) The "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of Confidential Information that the producing Party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, and any other sensitive trade secret information.

(c) Protected Information does not include, and this Protective Order shall not apply to, (1) information that is already, in the absence of any wrongdoing, in the knowledge or possession of the Party to whom disclosure is made, unless that Party is already bound by agreement not to disclose such information, or (2) information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Protected Information may be designated in the following manner.

(a) Documents and things produced during the course of this litigation within the scope of Paragraph 2(a) above may be designated by the producing Party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

(b) Documents and things produced during the course of this litigation within the scope of Paragraph 2(b) above may be designated by the producing Party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER**

(c) A Party may designate information disclosed at a deposition as Protected Information by requesting the court reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any Party shall have fourteen (14) calendar days after the date of the receipt of the official transcript from the court reporter to designate, in writing to the other Parties and to the court reporter, whether the transcript or portions thereof are to be designated as Protected Information. If no such designation is made at the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as Confidential Attorney Eyes Only Information, unless the disclosing Party consents to less confidential treatment of the transcript), the entire deposition will be considered devoid of Protected Information, with the exception of documents introduced as exhibits during the deposition, which shall retain the confidentiality designation affixed by the Producing Party. Each Party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody, or

control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

    (d) It is the responsibility of counsel for each Party to maintain materials containing Protected Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

## III. INADVERTENT FAILURE TO DESIGNATE

    4. The inadvertent failure to designate or withhold any information as Protected Information will not be deemed to waive a later claim as to its confidential nature, or to stop the producing Party from designating such information as Protected Information at a later date in writing and with particularity.

## IV. CHALLENGE TO DESIGNATIONS

    5. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. The producing Party shall then have fourteen (14) days after receipt of a challenge notice to advise the receiving Party whether or not it will change the designation. If the Parties are unable to reach agreement after the expiration of this fourteen (14) day timeframe, and after the conference required by Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 37.2, counsel for the Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Aaron's individual practices. Until any dispute under this Paragraph 5 is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

V.      **DISCLOSURE AND USE OF PROTECTED INFORMATION.**

6.      Information designated as Protected Information may only be used for purposes of preparation, trial, and appeal of this action.  Protected Information may not be used under any circumstances for pursuing any trademark application, for teaching and training lawyers, or for any other purpose.

7.      Subject to Paragraph 10 below, Confidential Information may be disclosed by the receiving Party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) Ali Katz and Laura E. Cowan and the employees and agents of the respective receiving Party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) Outside Counsel  (the individuals attorneys signing this Order and the law firm with whom they are affiliated and/or are employed by) for the receiving Party; (c) supporting personnel employed by Outside Counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (d) employees of the insurer of the receiving Party who are required in good faith to provide assistance in the conduct of this litigation and in-house counsel and outside counsel for the insurer of the receiving Party; (e) experts or consultants; (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (g) the Court and its personnel.

8.      Subject to Paragraph 10 below, Confidential Attorneys Eyes Only Information may be disclosed by the receiving Party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) Outside Counsel for the receiving Party; and (b) supporting personnel employed by Outside Counsel such as paralegals, legal secretaries, data

entry clerks, legal clerks, private photocopying services; (c) experts or consultants; (d) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (e) the Court and its personnel.

9. Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as **Exhibit A**.

10. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a Federal Rule of Civil Procedure 30(b)(6) designee;

(b) the designating Party is the person or is a Party for whom the person is a director, officer, employee, consultant, or agent; or

(c) counsel for the designating Party agrees that the Protected Information may be disclosed to the person.

In the event of disclosure under this Paragraph 10, only the court reporter, the person, his or her counsel, the Court and its personnel, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Protected Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

## VI. NON-PARTY INFORMATION

11. The existence of this Protective Order shall be disclosed to any non-party producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such non-party may designate documents, tangible things, or testimony as Confidential Information or Confidential Attorneys Eyes Only Information pursuant to this Protective Order.

## VII. FILING DOCUMENTS WITH THE COURT

12. In the event that any Party wishes to submit Protected Information to the Court, that Party shall follow the procedures prescribed by the Court for filing such Protected Information under seal.

## VIII. NO PREJUDICE

13. Producing or receiving Protected Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any Party that any particular Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a Party to apply to the Court for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

## IX. CONCLUSION OF LITIGATION

14. Within thirty (30) calendar days after final judgment in this action, including the exhaustion of all appeals, or within thirty (30) calendar days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing Party all materials and documents containing Protected Information and to certify to the producing Party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work-product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## X. OTHER PROCEEDINGS

15. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any Party or persons subject to this Protective Order that may be subject to a motion to disclose another Party's Protected Information pursuant to this Protective Order shall promptly notify that Party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

## XI. REMEDIES

16. It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Federal Rule of Civil Procedure 37(b) and such other sanctions as may be available to the Court, including the power to hold Parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

17. Any Party may petition the Court for good cause shown, in the event such Party desires relief from a term or condition of this Protective Order.

Dated: July 28, 2023

*/s/ Douglas J. Feichtner*
Douglas J. Feichtner, Esq.
DINSMORE & SHOHL LLP
255 East Fifth Street
Cincinnati, OH 45202
513.977.8497 (t)
513.977.8141 (f)
doug.feichtner@dinsmore.com

*/s/* Jay Hellman
Jay S. Hellman Esq.
WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN LLP
201 RXR Plaza
Uniondale, New York 11556
(516) 622-9200
jhellman@westermanllp.com

*Counsel for Plaintiff It's All Happening LLC dba New Law Business Model*

/s/ *Ariel Peikes*
Ariel Peikes, Esq.
750 Columbus Avenue
New York, NY 10025
Telephone: (718) 541-6360
Email: arielpeikes@gmail.com

*Counsel for Take Big Steps LLC and Laura E. Cowan, Esq.*

**BY THE COURT:**

_____
Stewart D. Aaron
U.S. Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Take Big Steps LLC, | Civil Action No. 1:23-cv-03364 (LAK)(SDA) |
| -vs- | |
| It's All Happening, LLC dba New Law Business Model, | Consolidated with Civil Action No. 1:23-cv-04620 (LAK)(SDA) |
| -vs- | |
| Laura E. Cowan, Esq. dba Law Office of Laura E. Cowan, PLLC and Take Big Steps LLC fka Laura Cowan International LLC. | |

## **CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as "Protected Information" as defined in the Protective Order entered in the above-captioned action is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned action and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.

Dated:_____          _____